SCHUMACHER v. SCHUMACHER

[109 N.C. App. 309 (1993)]

---

RICHARD SCHUMACHER, Plaintiff/Appellant v. MARY ELIZABETH SCHUMACHER, Defendant/Appellee

No. 9128DC1303

(Filed 2 March 1993)

**Courts § 107 (NCI4th)— district court—civil motion session—trial on merits—absence of jurisdiction**

A district court judge had no jurisdiction to hold a trial on the merits at a civil motion session.

**Am Jur 2d, Courts § 87; Trial § 60.**

Appeal by plaintiff from judgment entered 30 August 1991 by Judge Shirley H. Brown in Buncombe County District Court. Heard in the Court of Appeals 8 December 1992.

*Robert E. Riddle, P.A., by Robert E. Riddle, for plaintiff/appellant.*

*Marvin P. Pope, Jr., P.A., by Marvin P. Pope, Jr., for defendant/appellee.*

LEWIS, Judge.

Plaintiff filed a civil summons and complaint against defendant on 10 June 1991 seeking a judgment of absolute divorce and modification of child support previously set forth in a separation agreement. In her answer defendant counterclaimed for anticipatory breach of the separation agreement and asserted that only upward modification of child support payments was permissible. After several continuances and extensions of time, a hearing was held on 26 and 27 August 1991. The parties stipulated that "the August 27-28, 1991 session of the District Court Division of the General Court of Justice, Buncombe County, was properly organized to hear civil motions. . . ." Both parties testified and submitted exhibits at the hearing.

The court rendered judgment on 30 August 1991, finding that the amount of child support set forth in the separation agreement was reasonable and ordering plaintiff to pay money withheld from previous support payments. The judgment does not address the parties' mutual requests for absolute divorce. Defendant's attorney explains in his brief that he "accidentally" forgot to include the divorce findings of fact, conclusions of law and order of absolute divorce when he prepared the order.

---

Plaintiff appeals the amount of his support obligation, the award of clothing expenses and back child support, and the failure of the judge to enter a judgment of absolute divorce. Most importantly, plaintiff challenges the authority of the district judge to hold a trial on the merits when only authorized to conduct a civil motions session. We will address the latter issue first.

Plaintiff correctly points out that in this case the district judge was only authorized to hear civil motions, and the parties have so stipulated. Page one of the Record states that this case came before "the Honorable Shirley H. Brown, District Court Judge presiding at the August 27-28, 1991 Buncombe County District Court

#3 Civil Session, a motion term, pursuant to plaintiff's motion for modification of child support. . . ."

The district judges have the powers set forth in the General Statutes and are subject to the supervision of the chief district judge. It is the duty of the chief district judge, among other things, to arrange the schedules of the district judges, and assign them to sessions of district court, arrange the calendaring of noncriminal matters for trial. N.C.G.S. § 7A-146(1), (2) (Cum. Supp. 1992). According to N.C.G.S. § 7A-190,

> [t]he district courts shall be deemed always open for the disposition of matters properly cognizable by them. But all trials on the merits shall be conducted at trial sessions regularly scheduled as provided in this Chapter.

N.C.G.S. § 7A-190 (1989). A district judge has the authority to hear motions and enter interlocutory orders in "causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside." N.C.G.S. § 7A-192 (1989).

Although it is clear from section 7A-192 that a judge may hear motions at any scheduled session of court, it is unclear whether the converse is true: whether a judge may conduct a trial at a session specifically designated only for civil motions. We note that the language of section 7A-190 is unambiguous: "all trials on the merits shall be conducted at *trial sessions* regularly scheduled as provided in this Chapter." § 7A-190 (emphasis added). No matter how broadly we interpret the word "session," as defendant urges, we cannot ignore the preceding word "trial" in the statute. From the evidence before us, we can only conclude that the trial was not conducted during a trial session of the district court.

Furthermore, we note the General Assembly specifically addressed the issue of pending motions and bestowed the authority to hear such motions upon district judges "at any session to which the district judge has been assigned to preside." § 7A-192. We believe the General Assembly would have specifically stated if they intended to authorize district judges to conduct trials at motion sessions. Though all parties may consent, jurisdiction cannot be conferred.

We conclude that it was improper for the district judge to have held a trial on the merits at a civil motion session. It is

**SCHUMACHER v. SCHUMACHER**

[109 N.C. App. 309 (1993)]

unnecessary to address plaintiff's other arguments since this issue is dispositive. Because the judge had no jurisdiction, the judgment is void. *See Stroupe v. Stroupe*, 301 N.C. 656, 273 S.E.2d 434 (1981).

Vacated and remanded.

Judges WELLS and EAGLES concur.