LEONARD P. WARD, Plaintiff v. WYNONA N. WARD, Defendant

No. 9326DC1175

(Filed 18 October 1994)

**1. Appeal and Error § 147 (NCI4th)— lack of subject matter jurisdiction—failure to raise on initial appeal—waiver**

Plaintiff waived his right to challenge the validity of equitable distribution and permanent alimony orders on the ground that the trial judges lacked subject matter jurisdiction, since plaintiff could have presented the same challenges in his initial appeals which were dismissed, and, following those dismissals, he accepted the benefits of those judgments.

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

**2. Judgments § 38 (NCI4th)— order entered out of session— when permissible**

A district court judge has the authority to enter an order and judgment out of session as long as the trial on the merits, to which the judgment or order relates, was conducted at a regularly scheduled trial session.

**Am Jur 2d, Judgments §§ 79, 81.**

Appeal by plaintiff from orders entered 16 August 1993 by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 31 August 1994.

*Joe T. Millsaps for plaintiff-appellant.*

*Edward P. Hausle for defendant-appellee.*

MARTIN, Judge.

This case has a somewhat laborious procedural history involving a myriad of motions and notices of appeal by plaintiff. However, the issue presented by this appeal concerns only the jurisdiction of Mecklenburg County District Court Judges Robert P. Johnston and H. William Constangy to enter a judgment for equitable distribution and an order for permanent alimony respectively.

The facts relevant to this appeal are as follows: On 10 December 1986, plaintiff instituted a complaint for absolute divorce and equitable distribution against defendant. Defendant answered, asserting a

counterclaim for alimony pendente lite, permanent alimony, attorneys' fees, sequestration of certain marital assets, absolute divorce and equitable distribution. The parties were granted an absolute divorce by judgment entered 8 June 1987. Hearings with respect to equitable distribution of the parties' marital assets were conducted on 7-9 June 1988, 13-16 June 1989, 5 February 1990 and 3 May 1990 during the regularly scheduled civil domestic non-jury sessions of Mecklenburg County District Court before Judge Johnston. On 31 December 1990, Judge Johnston, who was assigned to a one day criminal session of court, entered an equitable distribution order and judgment. Consent had not been given by counsel for either party for Judge Johnston to sign the judgment out of session, and this case was not otherwise scheduled before him on that date.

Plaintiff filed a notice of appeal from the equitable distribution order, but later dismissed the appeal. Plaintiff also filed several motions to hold defendant in contempt for violation of the order, all of which were denied. Plaintiff then filed a motion pursuant to G.S. § 1A-1, Rule 52 to amend the findings of fact in the order; that motion was denied. At no time, however, did plaintiff challenge Judge Johnston's jurisdiction to enter the equitable distribution order until 29 July 1993, when he filed a motion to set the order aside.

On 16-17 April 1991, Judge H. William Constangy conducted an alimony hearing at the duly scheduled 15 April 1991 domestic session of Mecklenburg County District Court. The parties further argued the issue of alimony on 28 July 1992 during a regularly scheduled session of district court. No order for alimony was entered at either session, nor was the session continued, and neither parties' counsel consented to an entry, out of session, of an order resolving the issue of alimony. On 4 November 1992, based upon a previous draft order submitted by defendant, Judge Constangy, out of session, entered an order and judgment for alimony.

Subsequent to entry of the alimony order, plaintiff filed a motion for relief pursuant to Rules 52(b), 59 and 60, a notice of appeal from the permanent alimony order, and a notice of appeal from the denial of the motion. Both appeals were dismissed for plaintiff's failure to timely file with this Court a settled record on appeal. Again, at no time did plaintiff challenge the validity of the entry of the alimony order until 23 April 1993, when plaintiff filed a motion to set aside the alimony order on the ground that Judge Constangy lacked jurisdiction to enter such an order.

## WARD v. WARD

[116 N.C. App. 643 (1994)]

On 16 August 1993, plaintiff's motions to set aside the equitable distribution and permanent alimony orders and judgments were denied. Plaintiff appealed.

[1] Plaintiff's sole contention on appeal is that Judge Johnston and Judge Constancy lacked subject matter jurisdiction to enter the equitable distribution judgment and permanent alimony order respectively because both were entered out of session. We disagree.

Initially, we observe that plaintiff has waived his right to challenge the validity of both orders on the grounds asserted, because he could have presented the same challenges in his initial appeals which were dismissed. In *Sloop v. Friberg*, 70 N.C. App. 690, 320 S.E.2d 921 (1984), we specifically considered the effect of a dismissed appeal on a later appeal questioning a trial court's exercise of subject matter jurisdiction to enter an order. In *Sloop*, the district court, pursuant to the Uniform Child Custody Jurisdiction Act, G.S. § 50A-1 *et seq.*, entered a child custody and support order against Friberg. *Id.* at 692, 320 S.E.2d at 923. Friberg appealed, but later withdrew the appeal, and two years later Friberg sought a change of custody alleging a change of circumstances. *Id.* at 693, 320 S.E.2d at 923. His motion was denied, and he appealed, challenging the district court's subject matter jurisdiction to enter the original order. *Id.* We noted that "the question of subject matter jurisdiction may be raised at any point in the proceeding, and that such jurisdiction cannot be conferred by waiver, estoppel or consent." *Id.* at 692-93, 320 S.E.2d at 923. However, we found that because plaintiff had withdrawn his initial appeal and acquiesced in the judgment for several years, he had failed to preserve his objection. *Id.* at 693, 320 S.E.2d at 923.

Similarly, in the case *sub judice*, plaintiff appealed from the equitable distribution order and judgment, which he later voluntarily dismissed on 15 February 1991. Since that dismissal, he has accepted the benefits of said judgment. Plaintiff also filed two notices of appeal from the permanent alimony order. Because plaintiff failed to file the settled record in both appeals within the prescribed time limit, said appeals were dismissed by Judge Constancy at the 16 August 1993 hearing. Accordingly, he has failed to preserve his objection to the entry of both orders.

[2] Even if plaintiff had preserved the question for review, his contentions are without merit. The recent decision of our Supreme Court in *Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 446 S.E.2d 289 (1994) is dispositive. In *Capital Outdoor Advertising*, a

superior court judge entered an order out of session dismissing plaintiff advertising companies' complaint. *Id.* at 153, 446 S.E.2d at 291. The Court found nothing in the record of the trial court to indicate that the judge "extended the . . . session pursuant to N.C.G.S. § 15-167 or that the parties or their attorneys consented to entry of the order of dismissal in a session of court other than the session in which the motion was heard." *Id.* at 154, 446 S.E.2d at 292. Noting that the Supreme Court has "continuously recognized the authority of the legislature to provide by statute for the transaction of business in the superior court out of term and out of county," the Court held that "the rule [G.S. § 1A-1, Rule 6(c)] clearly allows a superior court judge to sign a written order out of session *without* the consent of the parties so long as the hearing to which the order relates was held in term." *Id.* at 156 and 158, 446 S.E.2d at 293 and 294.

Plaintiff attempts to distinguish *Capital Outdoor Advertising* on the sole ground that it involved a judgment rendered in the superior court division of the General Court of Justice of North Carolina, while the present case involves rulings made in the district court division. However, because we believe it sound policy that the same rules apply to judgments and orders of both trial divisions and because we find statutory authority to do so, we deem it appropriate to apply the holding set forth in *Capital Outdoor Advertising* to the case *sub judice*.

The General Assembly has specifically conferred on the district court division subject matter jurisdiction over domestic relations cases. N.C. Gen. Stat. § 7A-244. It is the duty of the chief district court judge, among other things, to set the schedules of the district court judges by assigning them to sessions of district court, and to arrange the calendaring of noncriminal matters for trial or hearing. *Schumacher v. Schumacher*, 109 N.C. App. 309, 311, 426 S.E.2d 467, 468 (1993); N.C. Gen. Stat. § 7A-146(1), (2). Pursuant to G.S. § 7A-190,

[t]he district courts shall be deemed always open for the disposition of matters properly cognizable by them. But all trials on the merits shall be conducted at trial sessions regularly scheduled as provided in this Chapter.

Furthermore, G.S. § 1A-1, Rule 6(c) provides:

[t]he period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a session of court. The continued exist-

ence or expiration of a session of court in no way affects the power of a court to do any act or take any proceeding, but no issue of fact shall be submitted to a jury out of session.

The foregoing statutes, considered together, lead us to the conclusion that a district court judge has the authority to enter an order and judgment out of session as long as the trial on the merits, to which the judgment or order relates, was conducted at a regularly scheduled trial session. Judge Johnston and Judge Constangy conducted hearings on equitable distribution and permanent alimony during their respective assigned sessions of domestic court. Thus, both judges had subject matter jurisdiction to enter their orders and judgments after the expiration of their respective sessions.

Affirmed.

Chief Judge ARNOLD and Judge THOMPSON concur.