SPARKS v. PEACOCK

[129 N.C. App. 640 (1998)]

━━━━━━━

JAMES A. SPARKS, Plaintiff v. SUE PEACOCK, formerly SUE W. SPARKS, Defendant

No. COA97-1162

(Filed 2 June 1998)

**Contribution § 1 (NCI4th)— post-divorce contribution—payments on joint notes—jurisdiction of superior court**

The superior court had jurisdiction over a former husband's post-divorce action against his former wife for contribution for payments made by the husband on promissory notes executed by the parties during their marriage and for which the parties are allegedly jointly and severally liable where no equitable distribution action is pending between the parties and both parties are now procedurally barred from bringing an equitable distribution action. N.C.G.S. § 25-3-116.

Appeal by plaintiff from order entered 14 August 1997 by Judge Julius A. Rousseau, Jr. in Wilkes County Superior Court. Heard in the Court of Appeals 11 May 1998.

*McElwee & McElwee, by Karen Inscore McElwee and Amanda H. Creamer, for plaintiff-appellant.*

*John E. Hall for defendant-appellee.*

LEWIS, Judge.

Plaintiff brought this action alleging that, during their marriage, the parties executed, as co-makers, seven promissory notes for which they are jointly and severally liable. Plaintiff seeks contribution from

defendant for payments that plaintiff has made on these notes. Defendant moved to dismiss the action for failure to state a claim on which relief can be granted and lack of subject matter jurisdiction. Defendant contends that the district court has exclusive jurisdiction of this matter because it is an action between former spouses regarding marital property and that it is, therefore, an equitable distribution action. The superior court court granted defendant's motion and dismissed the action. Plaintiff appeals. We reverse and remand.

The parties were married in 1961 and separated in 1992. They entered into a separation agreement in 1992 which distributed some, but not all, of their marital property. The plaintiff filed for absolute divorce in 1993 and the defendant answered, counterclaiming for equitable distribution under N.C. Gen. Stat. § 50-20. After the entry of divorce, defendant voluntarily dismissed her equitable distribution claim and did not resubmit.

It is of critical importance to this case that there is not an equitable distribution action currently pending between the parties. In fact, both parties are now procedurally barred from bringing such an action. "The failure to specifically apply for equitable distribution prior to a judgment of absolute divorce will destroy the statutory right to equitable distribution." *Lockamy v. Lockamy*, 111 N.C. App. 260, 261, 432 S.E.2d 176, 177 (1993). Plaintiff failed to make a claim for equitable distribution and defendant dismissed her claim after the entry of divorce. Because more than a year has passed since defendant's voluntary dismissal, defendant has lost her right to file a new equitable distribution action pursuant to N.C.R. Civ. P. 41(a)(1). *See Stegall v. Stegall*, 336 N.C. 473, 479, 444 S.E.2d 177, 181 (1994).

Defendant correctly states that the district court has jurisdiction over equitable distribution actions. *See* N.C. Gen. Stat. § 7A-244 (1995). It is also true that where parties have brought an action in district court under G.S. 50-20 to equitably distribute their marital property, the superior court does not have jurisdiction to divide marital property. *See Garrison v. Garrison*, 90 N.C. App. 670, 672, 369 S.E.2d 628, 629 (1988). However, where, as here, the jurisdiction of the district court has not been invoked, the superior court is not precluded from exercising jurisdiction merely because the parties are former spouses. *See Hagler v. Hagler*, 319 N.C. 287, 292, 354 S.E.2d 228, 233 (1987) ("[I]n the absence of an equitable distribution of entireties property under N.C.G.S. § 50-20, an ex-spouse (now tenant in common) retains the right to possession and the right to alienate and may bring an action for waste, ejectment, accounting or partition.").

**SPARKS v. PEACOCK**

[129 N.C. App. 640 (1998)]

Contrary to defendant's assertions, equitable distribution is not the sole means of property division available to former spouses, nor is every action between former spouses regarding property rights an equitable distribution action. *See id.* at 290, 354 S.E.2d at 232 (stating that a party must specifically apply for equitable distribution as provided for in N.C. Gen. Stat. § 50-21). "Equitable distribution is merely an alternative means of property division; alternative to already existing rights granted by statute or recognized at common law or acquired under a separation agreement." *Id.* at 292, 354 S.E.2d at 233. The mere existence of a prior marital relationship between the parties does not impair plaintiff's right to seek contribution from defendant pursuant to N.C. Gen. Stat. § 25-3-116. For the foregoing reasons, the superior court erred in dismissing plaintiff's claim for contribution. The superior court's order is

Reversed and remanded.

Judges MARTIN, J. and SMITH concur.

## CASES REPORTED WITHOUT PUBLISHED OPINIONS

### FILED 19 MAY 1998

| | | |
|---|---|---|
| ABLE-BOYER v. BOYER<br>No. 97-706 | Brunswick<br>(95CVD541) | Affirmed |
| BAKER v. SHATLEY<br>No. 97-815 | Henderson<br>(96CVS1351) | Affirmed |
| BALDRIDGE v. HUDSON<br>No. 97-1107 | Burke<br>(95CVS1435) | No Error |
| CHESTNUT ASSOC. v. CABLEVISION<br>    OF GREENSBORO<br>No. 97-642 | Guilford<br>(95CVS9642) | Appeal<br>    Dismissed |
| CORN v. BUCKEYE CONSTR. CO.<br>No. 97-442 | Ind. Comm.<br>(140992) | Affirmed |
| COUNTY WATER DISTRICT I<br>    v. S.H. BARNER, INC.<br>No. 97-929 | Bertie<br>(96CVS236) | Affirmed |
| HARTON v. BARFIELD<br>No. 97-1431 | Wilson<br>(95CVD2175) | Reversed &<br>    Remanded |
| HAYES v. FORSYTH<br>    COUNTY<br>No. 97-406 | Ind. Comm.<br>(152989) | Affirmed |
| HENDERSON COUNTY ex rel.<br>    BURNS v. CORN<br>No. 97-1575 | Henderson<br>(97CVD220) | Reversed &<br>    Remanded |
| HUTCHINS v. DOWELL<br>No. 97-1093 | Davie<br>(96CVS144) | Dismissed |
| IN RE CARVER<br>No. 97-820 | Rutherford<br>(93J50) | Affirmed |
| IN RE DUNN<br>No. 97-872 | Buncombe<br>(97J101) | Reversed &<br>    Remanded |
| IN RE LIAS<br>No. 97-1312 | Caldwell<br>(94J54) | Affirmed |
| IN RE NASH<br>No. 97-1218 | Person<br>(95J41) | Affirmed |
| LAMPO v. COPPOLA<br>No. 97-558 | Watauga<br>(94CVS215) | No Error |
| LITTLE v. VF CORP.<br>No. 97-1408 | Ind. Comm.<br>(547613) | Affirmed |

| | | |
|---|---|---|
| MARCUCCI v. ALBERTSON<br>No. 97-1101 | New Hanover<br>(94CVS3259) | Remanded |
| MITTENDORFF v. MITTENDORFF<br>No. 97-1051 | Buncombe<br>(96CVD4710) | Affirmed |
| MURROW v. N.C. DIV. OF MOTOR<br>    VEHICLES<br>No. 97-921 | Hyde<br>(96CVS48) | Affirmed |
| PITTS v. BETSY JOHNSON<br>    MEM'L HOSP.<br>No. 97-1103 | Harnett<br>(95CVS01524) | Affirmed |
| RICE v. JONES<br>No. 97-926 | Bertie<br>(95SP45) | New Trial |
| SMITH v. OLEANDER CO.<br>No. 97-924 | Brunswick<br>(95CVS604) | Affirmed |
| SNYDER v. FIRST UNION<br>    NAT'L BANK<br>No. 97-810 | Beaufort<br>(93CVD139) | Reversed &<br>    Remanded |
| SPIVEY v. ALEXIUS<br>    TEMP. PERSONNEL<br>No. 97-1482 | Ind. Comm.<br>(407197) | Reversed &<br>    Remanded |
| STATE v. BABSON<br>No. 97-698 | Brunswick<br>(96CRS1774)<br>(96CRS1775)<br>(96CRS1776) | Reversed &<br>    Remanded |
| STATE v. BOOKER<br>No. 97-916 | Durham<br>(95CRS26127)<br>(95CRS26128)<br>(95CRS26129)<br>(95CRS26130) | No Error |
| STATE v. BRICKHOUSE<br>No. 97-935 | Tyrrell<br>(96CRS952) | Certiorari Granted;<br>    and Affirmed |
| STATE v. BROWN<br>No. 97-1269 | Orange<br>(96CRS3044)<br>(95CRS15318) | No Error |
| STATE v. BURNETTE<br>No. 97-992 | Buncombe<br>(95CRS62940) | Affirmed |
| STATE v. COLEMAN<br>No. 97-1300 | Perquimans<br>(95CRS213) | No Error |
| STATE v. DYER<br>No. 97-934 | Bertie<br>(95CRS1241)<br>(95CRS1242)<br>(96CRS463) | No Error |

|  |  |  |
|---|---|---|
|  | (96CRS464) | |
|  | (96CRS465) | |
|  | (95CRS1244) | |
| STATE v. GREER<br>No. 97-837 | Forsyth<br>(96CRS35770)<br>(96CRS20749) | No Error |
| STATE v. MACKLIN<br>No. 97-1024 | Halifax<br>(96CRS224) | No Error |
| STATE v. MAYHAND<br>No. 97-923 | Guilford<br>(96CRS32937)<br>(96CRS33476) | No Error |
| STATE v. McDONALD<br>No. 97-1594 | Gaston<br>(96CRS27653) | Dismissed |
| STATE v. McKINNIE<br>No. 97-1117 | Wake<br>(96CRS61320)<br>(96CRS61321) | No Error |
| STATE v. NELSON<br>No. 97-1550 | Richmond<br>(95CRS6533) | No Error |
| STATE v. PENDLETON<br>No. 97-895 | Lincoln<br>(96CRS2386) | No error in trial;<br>Remanded for<br>resentencing |
| STATE v. PERTILLER<br>No. 97-1014 | Buncombe<br>(96CRS59128)<br>(96CRS10816)<br>(96CRS10817)<br>(96CRS10818) | No Error |
| STATE v. RIOS<br>No. 97-612 | Randolph<br>(95CRS5396)<br>(95CRS4397) | No Error |
| STATE v. SEABROOKS<br>No. 97-624 | Mecklenburg<br>(96CRS35898) | Vacated &<br>Remanded |
| STATE v. STRICKLAND<br>No. 97-907 | Guilford<br>(96CRS22632)<br>(96CRS22633) | No Error |
| STATE v. THOMAS<br>No. 97-814 | Buncombe<br>(96CRS63895) | No Error |
| STATE v. TURNAGE<br>No. 97-1053 | Halifax<br>(96CRS1465)<br>(96CRS1466) | No Error |
| STATE v. WILLIS<br>No. 97-1441 | Forsyth<br>(96CRS6839)<br>(96CRS6904) | Affirmed |

|  |  |  |
|---|---|---|
|  | (96CRS6905) (96CRS6906) |  |
| SURRY COUNTY DSS v. STRICKLAND No. 97-786 | Surry (94J131) | Affirmed |
| TAR HEEL HOME HEALTH, INC. v. N.C. DEPT. OF HUMAN RESOURCES No. 97-742 | Human Res. (96DHR0513) | Affirmed |
| WHITFIELD v. WESTERN STEER OF N.C. No. 97-1069 | Ind. Comm. (639675) | Affirmed |
| WILLIAMS v. HUNTER No. 97-607 | Ind. Comm. (078492) | Affirmed |
| YARBROUGH v. CITY OF BURLINGTON No. 97-620 | Alamance (96CVD2321) | Affirmed |

## FILED 2 JUNE 1998

|  |  |  |
|---|---|---|
| AUSTIN v. LARGE ANIMAL MED. & SURGERY No. 97-949 | Rowan (94CVS2358) | Affirmed |
| BAREFOOT v. FINANCIAL SERVS. OF RALEIGH, INC. No. 97-957 | Johnston (95CVS02002) | Affirmed |
| BECK v. ROBINSON No. 97-860 | Brunswick (96CVD273) | Affirmed |
| CATO v. HODGES No. 97-1464 | Mecklenburg (96CVS3836) | Affirmed |
| COSTELLO v. HOUSE OF RAEFORD No. 97-799 | Ind. Comm. (369458) | Affirmed |
| EASTMOOR HOMEOWNERS ASS'N v. BARNWELL No. 97-856 | Buncombe (95CVS2172) | Affirmed in part Remanded in part |
| EDGE v. MELVIN MOTOR CO. No. 97-1195 | Ind. Comm. (517839) | Dismissed |
| FLETCHER v. NATIONWIDE INS. No. 97-843 | Transylvania (94CVS454) | Affirmed in part Reversed in part and Remanded |

| | | |
|---|---|---|
| STATE v. ALEXANDER<br>No. 97-1064 | Rowan<br>(96CRS4114) | No Error |
| STATE v. ARTIS<br>No. 97-1152 | Pender<br>(96CRS244)<br>(96CRS245)<br>(96CRS246) | New Trial |
| STATE v. COLLINS<br>No. 97-772 | Carteret<br>(95CRS1336) | No Error |
| STATE v. KALLAM<br>No. 97-1030 | New Hanover<br>(95CRS26859) | No prejudicial<br>error |
| STATE v. PARSONS<br>No. 97-1595 | Alexander<br>(96CRS3596) | No Error |
| STATE v. PETTY<br>No. 97-917 | Mecklenburg<br>(96CRS37112)<br>(96CRS37114) | No Error |
| STATE v. SCALES<br>No. 97-1478 | Forsyth<br>(96CRS8175) | Affirmed |
| SUTTON v. SUTTON<br>No. 97-764 | Lenoir<br>(87CVD1072) | Affirmed |
| WASHINGTON v. MITCHELL<br>No. 97-859 | Forsyth<br>(95CVS7869) | No Error |
| WHITE v. BEEKMAN<br>No. 97-996 | Cumberland<br>(97CVS1512) | Reversed |
| WILLIAMS v. ANDERSON<br>No. 97-1047 | Warren<br>(95CVS174)<br>(96SP24) | Appeal<br>Dismissed |
| WILLIAMS v. RAPISTAN<br>  CORP.<br>No. 97-1075 | Ind. Comm.<br>(979839) | Affirmed |