HUDSON INTERNATIONAL, INC., OLD SARATOGA, INC., HUDSON GROUP LIMITED PARTNERSHIP, CHRISTOPHER A. HUDSON, FITZGERALD D. HUDSON, MERIWETHER HUDSON MORRIS, and WILLIAM B.L. HUDSON, PLAINTIFFS v. FITZGERALD S. HUDSON and SUSAN W. HUDSON, DEFENDANTS

No. COA00-613

(Filed 21 August 2001)

**Divorce— equitable distribution—dismissal of declaratory judgment action—jurisdiction**

The superior court did not err by dismissing plaintiffs' declaratory judgment action without prejudice concerning the ownership of arguably marital property subject to equitable distribution when defendant wife had already filed a separate action against defendant husband seeking equitable distribution of marital property in district court, because: (1) where an action listed in N.C.G.S. § 7A-244 has been previously filed in district court and another action relating to the subject matter of the previously filed action is then filed in superior court, the district court's jurisdiction over the subject matter has already been invoked by the parties to the first action, and it follows that the superior court does not have jurisdiction in the subsequently filed action; and (2) although dismissal of such actions without prejudice allows litigants to intervene in the pending district court action under N.C.G.S. § 1A-1, Rule 24(a), this procedure is unnecessary since plaintiffs have been made parties to the district court action and joinder and pleading options are available to plaintiffs.

Judge WYNN concurring in a separate opinion.

Appeal by plaintiffs from order entered 3 February 2000 by Judge John Mull Gardner in Superior Court, Mecklenburg County. Heard in the Court of Appeals 28 March 2001.

**HUDSON INT'L, INC. v. HUDSON**

[145 N.C. App. 631 (2001)]

*Kennedy Covington Lobdell & Hickman, L.L.P., by Kiran H. Mehta, Richard D. Stephens and Samuel T. Reaves, for plaintiffs-appellants.*

*Robinson & Lawing, L.L.P., by Norwood Robinson, C. Ray Grantham, Jr. and H. Brent Helms, for defendant-appellee Susan W. Hudson.*

TIMMONS-GOODSON, Judge.

Hudson International, Inc. ("Hudson International"), Old Saratoga, Inc., and Hudson Group Limited Partnership ("the Hudson businesses"), along with Christopher Hudson, Fitzgerald D. Hudson, Meriwether Hudson Morris, and William B.L. Hudson ("the Hudson children" or "the children") (collectively "plaintiffs") appeal an order entered by the Superior Court, Mecklenburg County, dismissing without prejudice their action for declaratory relief. For the reasons herein stated, we affirm the order of the Superior Court.

The relevant factual and procedural history is as follows: On 29 December 1997, Susan W. Hudson ("Susan") filed an action in District Court, Wilson County, against her husband Fitzgerald D. Hudson ("Fitzgerald"), from whom she had separated, seeking alimony, postseparation support, attorneys' fees, and equitable distribution. Fitzgerald filed a motion to dismiss the complaint, arguing that the parties' antenuptial agreement invalidated the majority of Susan's claims.

The District Court subsequently granted Susan postseparation support and further denied Fitzgerald's motion to dismiss. In its postseparation support order, the court found as fact that Fitzgerald had retained an ownership interest in the Hudson businesses. The court further found that during his marriage, Fitzgerald had transferred the majority of his interest in the Hudson businesses to the Hudson children, while retaining positions as general partner and/or chief executive officer. The court also found that Fitzgerald had the "final direction and control of these entities in his capacities as general partner and chief executive officer."

In its order denying Fitzgerald's motion to dismiss, the court found that the proceeds from the parties' marital residence had been used to build a large residence in Maine known as "Southerly." The court further found that Fitzgerald titled "Southerly" in the name of one of his corporations, without Susan's consent, in a

**HUDSON INT'L, INC. v. HUDSON**

[145 N.C. App. 631 (2001)]

"calculated" effort "to divest the [p]laintiff of her marital property rights."

In the interim, Hudson International filed the present action in Superior Court, Mecklenburg County, against Susan and Fitzgerald (collectively "defendants") seeking declaratory relief as to whether defendants had any ownership interest in "Southerly" or any other property owned by the corporation. Hudson International alleged that it was the owner of "Southerly," that Fitzgerald was not an officer in the corporation, and that his only title was an honorary one. The corporation further alleged that upon its attempt to sell the estate in question, Susan had asserted a claim that Southerly was a marital asset. Hudson International requested that the Superior Court, Mecklenburg County, declare that it was the sole owner of Southerly and that neither defendant has any ownership interest in the property.

On 30 June 1999, Susan filed a motion in District Court, Wilson County, seeking to amend her complaint to add the Hudson businesses and the Hudson children as defendants. Susan's proposed amended complaint alleged that the Hudson businesses, children, and Fitzgerald conspired to deprive her of marital rights and requested that the court impose a constructive trust on any assets transferred to the Hudson businesses and the children during her marriage.

On 5. August 1999, Hudson International amended its Mecklenburg County complaint, as of right, to add the remainder of the Hudson businesses and the children as plaintiffs. The Wilson County court thereafter granted Susan's motion to amend her complaint.

On 6 October 1999, Susan moved to dismiss the amended complaint for declaratory relief in Superior Court, Mecklenburg County, based upon a variety of legal theories and Rules 12(b)(1), (3), and (6) of our Rules of Civil Procedure. Susan also moved, in the alternative, to transfer the case to District Court, Wilson County, where the equitable distribution action remained pending. The Mecklenburg County court granted Susan's motion to dismiss without prejudice. The court concluded, "pursuant to N.C. Gen. Stat. § 7A-244 and the decisions of *Garrison v. Garrison*, 90 N.C. App. 670, [369] S.E.2d 628 (1988) and *Sparks v. [Peacock]*, 129 N.C. App. 640, 500 S.E.2d 116 (1998), that it lack[ed] authority to enter a declaratory judgment on the issues presented." From this order, plaintiffs now appeal.

By their first argument, plaintiffs contend that the trial court erred in dismissing the declaratory judgment action. Plaintiffs argue that the statute upon which the court relied, section 7A-244 of our General Statutes, concerns the administrative allocation of cases between the district and superior court divisions and is, therefore, not jurisdictional in nature. As such, plaintiffs contend that the proper course of action was not to dismiss the case but to transfer it to the proper division—District Court, Wilson County. We disagree.

Section 7A-244 of our General Statutes provides:

> The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, equitable distribution of property, alimony, child support, child custody and the enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof.

N.C. Gen. Stat. § 7A-244 (1999).

To support their argument that dismissal under section 7A-244 was improper, plaintiffs rely on *Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975). In *Stanback*, the superior court entered child custody and support orders in a case filed prior to the formation of the North Carolina district court. Subsequent to the creation of the district court, the *Stanback* defendant moved to modify the support order. The plaintiff filed a motion to transfer the case to the district court, which was denied.

The Supreme Court concluded that because the superior court had previously entered the support order, the order remained under its jurisdiction and thus it could not transfer the case to district court. In so holding, the Court stated in reference to section 7A-244:

> It is plain these allocations are not jurisdictional since a judgment is not void or voidable for reason that it was rendered by a court of the trial division which by [section 7A-244] was the improper division for hearing and determining the matter. Hence, G.S. [§] 7A-244 is merely an administrative allocation of annulment, divorce, alimony, child support and child custody actions to the district court division, and does not divest the . . . Superior Court of jurisdiction to hear the motion in the cause filed by defendant *in this action*.

*Id.* at 457, 215 S.E.2d at 37 (emphasis added).

Despite plaintiffs' arguments to the contrary we find *Stanback* wholly distinguishable from the issues raised by the present appeal. The most obvious distinction is that *Stanback* concerned a matter by which the superior court acquired jurisdiction prior to the formation of the district court. Unlike the instant case, the *Stanback* superior court was the court of original jurisdiction over the child support issue and had, in fact, already reduced that issue to a written judgment. Moreover, by stating that section 7A-244 did not divest the superior court of jurisdiction *in that particular case*, the Supreme Court clearly limited its holding to the situation presented by the *Stanback* case. However, the Court did not examine the question presented *sub judice*: whether section 7A-244 divests the superior court of jurisdiction to enter a declaratory judgment concerning alleged marital property, where a previously filed domestic action concerning that property is pending in the district court.

It is our belief that this Court addressed the aforementioned question in *Garrison*, 90 N.C. App. 670, 369 S.E.2d 628, and affirmed that answer in *Sparks*, 129 N.C. App. 640, 500 S.E.2d 116. We therefore conclude that both *Garrison* and *Sparks* are dispositive of the issues presented by the instant case.

In *Garrison*, the defendant in a divorce action filed a partition proceeding in superior court, seeking partition of property allegedly held in a joint tenancy with his wife. In the divorce action, the district court had previously granted the parties an absolute divorce, but had not entered an order concerning the plaintiff's claim for equitable distribution. Pursuant to the husband's complaint, the superior court granted the requested partition.

Relying specifically upon section 7A-244, this Court vacated the superior court's order, holding:

> The parties in the present case *invoked the jurisdiction* of the district court to equitably distribute their marital property. . . . The district court did not lose jurisdiction to equitably distribute the marital property because of its failure to enter a judgment in the equitable distribution case before the special proceeding seeking partition of the marital property was filed in the office of the clerk of superior court. The superior court has no authority to partition marital property . . . where, as here, the jurisdiction of the district court has been properly invoked to equitably distribute such marital property. Had the parties not asserted their right to have the property equitably dis-

tributed . . . , either . . . could have filed a special proceeding to have the property partitioned . . . .

*Id.* at 672, 369 S.E.2d at 629 (emphasis added).

Similarly, in *Sparks v. Peacock*, plaintiff husband filed an action in superior court seeking contributions for payments on promissory notes executed by both he and his wife. Unlike the *Garrison* litigants, however, the parties in *Sparks* had not brought an action for equitable distribution in district court. Based on the wife's motion, the superior court dismissed the action for lack of subject matter jurisdiction.

On appeal, this Court acknowledged the jurisdictional nature of section 7A-244, stating that if the parties had indeed brought an equitable distribution action and such action was pending pursuant to section 7A-244, the superior court would not have jurisdiction over the propriety of payments on the promissory note. *Id.* at 641, 500 S.E.2d at 118 (recognizing that "[d]efendant correctly state[d] that the district court has jurisdiction over equitable distribution actions" and citing section 7A-244); *see also Ward v. Ward*, 116 N.C. App. 643, 646, 448 S.E.2d 862, 864 (1994) (citing section 7A-244 and noting that "[t]he General Assembly has specifically conferred on the district court division subject matter jurisdiction over domestic relations cases"). However, the *Sparks* Court held that because neither party had brought an equitable distribution action in district court, the superior court had jurisdiction over the action and had erred in dismissing the partition action. *Id.*

In the present case, Susan filed an action seeking, among other relief, equitable distribution of marital property in District Court, Wilson County. In proceedings concerning postseparation support and the parties' antenuptial agreement, the District Court, Wilson County, determined that assets from the sale of the marital home were used to purchase the Southerly estate. The District Court further determined that Fitzgerald titled the estate in the name of one of the Hudson businesses, over which Fitzgerald retained control, despite subsequently transferring his interest to the Hudson children. The Mecklenburg County declaratory judgment action concerned Southerly, arguably a marital asset subject to equitable distribution in the Wilson County court. Clearly, the District Court, Wilson County, obtained jurisdiction per section 7A-244 to determine whether Southerly was a marital asset. Therefore, the Superior Court, Mecklenburg County, was correct in concluding that it had no au-

**HUDSON INT'L, INC. v. HUDSON**

[145 N.C. App. 631 (2001)]

thority to determine the nature of or divide the alleged marital asset.

Plaintiffs argue that unlike the litigants in *Garrison*, they were not parties to the Wilson County action when it was filed and therefore are not bound by that action in relation to the declaratory judgment action. Plaintiffs further argue that section 7A-244 is inapplicable in the present case, because by its plain language, section 7A-244 does not mandate that declaratory judgment actions concerning marital assets must be filed in district court, nor does it prohibit the filing of such actions in superior court. With plaintiffs' arguments, we disagree.

We recognize that *Garrison* involved the same parties in both the pending district court action and the action subsequently filed in superior court. However, based upon our aforementioned review of *Garrison*, we conclude that the decision did not limit its application to the situations specified therein.

Furthermore, construing *Garrison*, *Sparks*, section 7A-244, and the rules governing the transfer of cases to the proper court divisions *in para materia*, we conclude that it is irrelevant in the present case whether or not section 7A-244 lists declaratory judgment actions as actions for which the district court is the proper division. Section 7A-244 instructs litigants that the "proper division" for the specified domestic related actions is the district court. N.C. Gen. Stat. § 7A-244. By its plain language, when the actions listed therein are erroneously filed in superior court and no other such action has been previously filed in district court, the superior court may, upon a parties' motion, transfer that action to the proper division—the district court, via section 7A-258 of our General Statutes. *See* N.C. Gen. Stat. § 7A-258 (1999) (stating that any party may move to transfer civil actions "to the proper division when the division in which the case is pending is improper" under the rules specified in Chapter 7A). This is not the situation presented by the present case.

Rather, in accordance with *Garrison* and *Sparks*, where, as here, an action listed in section 7A-244 has been previously filed in district court and another action relating to the subject matter of the previously filed action is then filed in superior court, the district court's jurisdiction over the subject matter has already been invoked by the parties to the first action. It follows that the superior court does not have jurisdiction in the subsequently filed action, irrespective of the parties to the first action.

Because the Superior Court, Mecklenburg County, was divested of subject matter jurisdiction in the case *sub judice*, it properly dismissed the action without prejudice. *Cf. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 810-11, 513 S.E.2d 572, 574 (1999) (stating that where court dismisses case because it lacks jurisdiction over the subject matter, the dismissal operates to nullify the action and does not bar action by plaintiff in court where jurisdiction exists). We note that dismissal of such actions without prejudice further allows litigants to then intervene in the pending district court action by virtue of Rule 24 of our Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 24(a) (1999). Because plaintiffs *sub judice* have been made parties to the Wilson County action, the above-noted procedure pursuant to Rule 24 is unnecessary, as other joinder and pleading options are now available to them via our Rules of Civil Procedure.

Having determined that the Superior Court, Mecklenburg County, was divested of jurisdiction by virtue of the action pending in Wilson County, we find it unnecessary to address plaintiffs' remaining arguments.

For the foregoing reasons, we affirm the order of the Superior Court dismissing plaintiffs' action without prejudice.

Affirmed.

Judge HUDSON concurs.

Judge WYNN concurs with separate opinion.

WYNN, Judge concurring.

I concur with the majority opinion affirming the order of the superior court dismissing the declaratory action brought by Hudson International, Inc., et. al. I write separately to note that in this case, there exists an unusually close relationship between Fitzgerald S. Hudson and Hudson International. Furthermore, the trial court in the action filed in District Court, Wilson County, found that the "Southerly" property was within the jurisdiction of the district court to be equitably distributed as marital property; additionally, the trial court found that Fitzgerald Hudson's actions with respect to "Southerly" evidenced his "calculated intent . . . to divest the Plaintiff of her marital property rights" therein. Thus, the decision

of *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988) (holding that the superior court had no jurisdiction over the division of marital property when the district court had properly invoked jurisdiction over the property), controls the outcome of this case.

However, we do not confront in this appeal the specific issue of whether a third party with no privity of relationship with either party in an equitable distribution matter, is prohibited by *Garrison* from seeking a declaratory judgment to establish its ownership to the exclusion of the equitable distribution parties.