MERCY BOSTON, QUEEN MOORE AND WIFE, JULIA MOORE v. HENRY L. FREEMAN AND WIFE, CAROLYN S. FREEMAN

No. 692DC433

(Filed 17 December 1969)

1. **Courts § 14; Injunctions § 12—— district court —— jurisdiction of chief judge —— issuance of temporary injunction**

    A chief judge of the district court has jurisdiction to enter, in chambers in one county, a temporary restraining order in an action pending in the district court of another county in the judicial district, to return the order for hearing before him, and to enter an order continuing the restraining order in effect in the district court of the other county until the trial of the case on its merits. G.S. 7A-190, G.S. 7A-191, G.S. 7A-192.

2. **Evidence § 3—— judicial notice —— chief judge of district court**

    The Court of Appeals will take judicial notice that a certain person has been duly elected and has qualified as a judge of the district court, and further that he has been properly designated by the Chief Justice of the Supreme Court as the chief district judge of a certain judicial district.

3. **Judgments § 5—— interlocutory orders —— temporary restraining order**

    A temporary restraining order, made permanent pending trial of the cause on its merits, is an interlocutory order.

4. **Courts § 5—— concurrent original jurisdiction —— application for a restraining order**

    An application for a restraining order pending trial on the merits is a justiciable matter of a civil nature which is cognizable in the General Court of Justice, and the original general jurisdiction to hear the application and issue such order is vested concurrently in the superior court division and the district court division. G.S. 7A-240.

APPEAL by defendants from an order entered by *Ward, District Judge,* on 13 June 1969, in BEAUFORT County.

This action is to recover damages from defendants for disturbing and damaging graves in a family cemetery, and to restrain defendants from further disturbing said cemetery. Plaintiffs allege that in 1962 they conveyed to defendants an eighty-acre tract of land upon which a family cemetery, covering approximately three-fourths of an acre, had been maintained, and that approximately one hundred of Plaintiffs' relatives and ancestors were buried therein. Plaintiffs further allege that defendants have hauled dirt from the cemetery and have exposed some of the graves. Plaintiffs prayed for $2,500.00 actual and $2,500.00 punitive damages and for a restraining order.

On 24 May 1969, Ward, District Judge, in chambers in Beaufort County, upon the *ex parte* application of plaintiffs, issued a temporary restraining order, restraining defendants from disturbing the cemetery; the temporary order was made returnable before himself in Beaufort County on 13 June 1969. Upon the return, defendants filed a motion to dissolve the order upon grounds that a District Court Judge lacks jurisdiction to enter a restraining order except in domestic relations and custody matters. After hearing argument, Judge Ward continued the restraining order in effect until the trial of the case on its merits. Defendants appealed.

*LeRoy Scott for plaintiffs-appellees.*

*Bailey & Bailey, by Carl L. Bailey, Jr., for defendants-appellants.*

BROCK, J.

There has been no motion by defendant under G.S. 7A-257 to transfer this case to a different trial division, and no order of transferral under G.S. 7A-259. Defendant asserts by this appeal that the order appealed from is void for lack of jurisdiction. Plaintiffs and defendants state the question raised by this appeal as follows: "Does a District Court Judge have jurisdiction to issue a temporary restraining order, to hear same, and to continue it in effect until trial?"

[1]    The question as stated by the parties presents a much broader question of jurisdiction and procedure than is actually raised by the appeal. To answer the question as stated would call for an application of the question to many and varied circumstances which would have to be hypothetical. We therefore confine ourselves to the question raised by the appeal in this case: Does the Chief Judge of the District Court of the Second Judicial District have jurisdiction in Beaufort County to enter a temporary restraining order in an ac-

tion pending in the District Court in Martin County, return the same for hearing before himself in Beaufort County, and enter an order in Beaufort County continuing the restraining order in effect in the District Court in Martin County until trial of the case on its merits?

[2] We take judicial notice that Hallett S. Ward has been duly elected and has qualified as a Judge of the District Court of the Second Judicial District, and further that he has been properly designated by the Chief Justice of the Supreme Court of North Carolina as the Chief District Judge of the Second Judicial District. The Second Judicial District is composed of the counties of Beaufort, Hyde, Martin, Tyrrell, and Washington. Therefore the two counties involved in this lawsuit, Beaufort and Martin, lie within the Second Judicial District.

[3] "The district courts shall be deemed always open for the disposition of matters properly cognizable by them. . . ." G.S. 7A-190. "All trials on the merits shall be conducted in open court . . . . All other proceedings, hearings, and acts may be done or conducted by a judge in chambers . . . and at any place within the district; . . . ." G.S. 7A-191. ". . . The chief district judge . . ., may in chambers hear motions and enter interlocutory orders in all causes pending in the district courts of the district. . . ." G.S. 7A-192. Therefore, Judge Ward had jurisdiction, in chambers in Beaufort County, to enter interlocutory orders in a cause pending in Martin County. And a temporary restraining order, made permanent pending trial of the cause on its merits, is an interlocutory order. McIntosh, N.C. Practice 2d, § 2192, and § 2216.

Defendants argue stressfully that the Judicial Department Act of 1965, G.S. Chapter 7A, retains jurisdiction for injunctive relief in the Superior Court Division, except that conferred upon the District Court Division, in domestic relations and custody matters by G.S. 50-13.3(b), G.S. 50-13.4(f), and G.S. 50-16.7(f). It is clear that G.S. Chapter 50 was extensively rewritten during the 1967 Session of the General Assembly and is not a part of the Judicial Department Act of 1965; although in some respects they must be construed with reference to each other.

[4] Under the Judicial Department Act of 1965, G.S. Chapter 7A, ". . . [O]riginal general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice. . . . [T]he original civil jurisdiction so vested in the trial divisions is

vested concurrently in each division." G.S. 7A-240. There are exceptions to the concurrent original general jurisdiction of the superior court division and the district court division contained in G.S. 7A-240 (claims against the State), G.S. 7A-241 (probate and administration of decedents' estates) and G.S. 7A-251 (appeals from the clerk), but they are not pertinent to this appeal. An application for a restraining order pending trial on the merits is a justiciable matter of a civil nature which is cognizable in the General Court of Justice and the original general jurisdiction to hear the application and issue such order is vested concurrently in the superior court division and the district court division. G.S. 7A-240. "Except as otherwise provided in this chapter, the civil procedure provided in Chapter 1 of the General Statutes applies in the district court division of the General Court of Justice. Where there is reference in Chapter 1 of the General Statutes to the superior court, it shall be deemed to refer also to the district court in respect of causes in the district court division." G.S. 7A-193.

In civil matters as to which the trial divisions have concurrent original jurisdiction, G.S. 7A-243 through G.S. 7A-250 designate the superior court division or the district court division as proper or improper for trial. ". . . But no judgment rendered by any court of the trial divisions in any civil action or proceeding as to which the trial divisions have concurrent original jurisdiction is void or voidable for the sole reason that it was rendered by the court of a trial division which by such allocation is improper for the trial and determination of the civil action or proceeding." G.S. 7A-242.

Defendant argues that by subsection (a) of G.S. 7A-245 it was the legislative intent that jurisdiction of injunctive relief be retained solely in the superior court division. We construe that statute exactly to the contrary. It is the clear intent of the statute that jurisdiction of injunctive relief generally should be vested concurrently in the superior court division and the district court division because even the four types of injunctive relief which the legislature suggested should be heard in the superior court division are not confined jurisdictionally to that division; the statute merely specifies that the superior court division is the *proper* division for the trial of such actions. The intent of the legislature is further clarified by subsection (b) of G.S. 7A-245 which provides: "When a case is otherwise properly in the district court division, a prayer for injunctive or declaratory relief by any party not a plaintiff on grounds stated in this section is not ground for transfer." Therefore, under subsection (b) a prayer for injunctive relief of any of the types enumerated

in subsection (a) is not even grounds for transfer to the superior court division unless such injunctive relief is prayed for by a party plaintiff. So it is abundantly clear that the district court division has jurisdiction to grant injunctive relief in cases docketed in that division.

Defendant argues that under G.S. Chapter 1, particularly the provisions of G.S. 1-485 and G.S. 1-493, judges of the superior court division retain the jurisdiction to grant injunctive relief. However, following the provisions of G.S. 7A-193, the references in Chapter 1 of the General Statutes to the superior court are deemed to refer also to the district court. Therefore G.S. 1-485 as so modified reads: ". . . The order may be made by any judge of the superior court [also of the district court]. . . ." And G.S. 1-493 as so modified reads: "The judges of the superior court [also of the district court] have jurisdiction to grant injunctions and issue restraining orders in all civil actions and proceedings. . . ."

The Judicial Department Act of 1965 makes it abundantly clear that the district court judge had jurisdiction to enter the order appealed from.

Affirmed.

BRITT and VAUGHN, JJ., concur.