ROBERT C. GARRISON v. RAMONA GARRISON

No. 8722SC1247

(Filed 5 July 1988)

**Divorce and Alimony § 30; Partition § 3.1— authority of district court invoked for equitable distribution — no authority of superior court to partition marital property**

The superior court had no authority to partition marital property pursuant to the provisions of N.C.G.S. § 46-1 *et seq.* after divorce of the parties where the jurisdiction of the district court had been properly invoked in the divorce proceeding to equitably distribute such marital property.

APPEAL by respondent from *Walker (Russell G., Jr.), Judge.* Judgment entered 21 October 1987 in Superior Court, IREDELL County. Heard in the Court of Appeals 4 May 1988.

This is a special proceeding wherein petitioner seeks to have property allegedly owned as tenants in common partitioned pursuant to the provisions of G.S. 46-1 *et seq.* The record before us discloses the following uncontroverted facts: Petitioner and respondent were married on 22 December 1979. On 15 June 1981, they were conveyed as tenants by the entirety the property in question, where they lived as husband and wife until they separated on 22 July 1985. On 23 July 1986, petitioner as plaintiff brought an action in district court for absolute divorce and equitable distribution. Respondent as defendant filed an answer admitting the essential allegations in the complaint and joined in the prayer for absolute divorce and equitable distribution of the marital property. On 19 January 1987, a judgment of absolute divorce was entered, but no judgment of equitable distribution was entered. On 29 July 1987, petitioner filed a special proceeding pursuant to the provisions of G.S. 46-1 *et seq.* in the office of the clerk of superior court. In this special proceeding, petitioner sought partition of the real property that "petitioner and respondent [had] purchased" as tenants by the entirety on 15 June 1981 and "occupied . . . as their home." Respondent filed a motion to dismiss this special proceeding pursuant to the provisions of Rule 12(b)(1) of the Rules of Civil Procedure for "lack of jurisdiction over the subject matter." The clerk of superior court dismissed the special proceeding, and petitioner appealed to the judge of the superior court who, on 21 October 1987, reversed the decision of the clerk and directed the clerk "to issue an order appointing commissioners and to proceed in an orderly fashion with the partitioning of the property described in the Petition." Respondent appealed to this Court.

*Harris, Pressly & Thomas, by Edwin A. Pressly, for plaintiff, appellee.*

*Ronald Williams for defendant, appellant.*

HEDRICK, Chief Judge.

The only question before us is whether the superior court erred in ordering the property described in the special proceeding partitioned pursuant to the provisions of G.S. 46-1 *et seq.* We hold it did err; therefore, we vacate the order of the superior

court and remand the proceeding to the superior court for entry of an order dismissing the special proceeding.

G.S. 7A-244 states:

> The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, *equitable distribution of property*, alimony, child support, child custody and the enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof. (Emphasis added.)

G.S. 50-11(e), in pertinent part, provides:

> An absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce; except, the defendant may bring an action or file a motion in the cause for equitable distribution within six months from the date of the judgment in such a case. . . .

The parties in the present case invoked the jurisdiction of the district court to equitably distribute their marital property in the action for absolute divorce and equitable distribution of their marital property. The district court did not lose jurisdiction to equitably distribute the marital property because of its failure to enter a judgment in the equitable distribution case before the special proceeding seeking partition of the marital property was filed in the office of the clerk of superior court. The superior court has no authority to partition marital property pursuant to the provisions of G.S. 46-1 *et seq.* where, as here, the jurisdiction of the district court has been properly invoked to equitably distribute such marital property. Had the parties not asserted their right to have the property equitably distributed pursuant to G.S. 50-20, either tenant in common could have filed a special proceeding to have the property partitioned as provided by G.S. 46-1 *et seq.*

For the reasons set out above, the order of the superior court dated 21 October 1987 is vacated, and the proceeding is remanded to the superior court for the entry of an order dismissing the

special proceeding to have the property in question partitioned pursuant to G.S. 46-1 *et seq.*

Vacated and remanded.

Judges WELLS and COZORT concur.