HARRINGTON v. HARRINGTON

[110 N.C. App. 782 (1993)]

GLENDA S. HARRINGTON v. PAUL WILSON HARRINGTON, JR.

No. 9223DC1189

(Filed 6 July 1993)

**Divorce and Separation § 172 (NCI4th) — claim against former husband — failure to seek equitable distribution not bar**

Plaintiff wife's claim against her former husband for breach of a contract to maintain lease payments on an automobile was not barred by plaintiff's failure to seek equitable distribution of this debt prior to the entry of absolute divorce since (1) equitable distribution is an alternative rather than an exclusive remedy, and (2) the debt was incurred after the separation and thus was not a marital debt subject to equitable distribution.

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

Appeal by defendant from judgment entered 22 July 1992 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 12 April 1993.

Plaintiff instituted this action alleging that she and defendant entered into an agreement whereby defendant agreed to maintain the lease payments on one 1989 Toyota Corolla GTS in exchange or consideration for her promise to relinquish any claim or right to use and enjoy the automobile. Defendant fell in arrears on three payments. Plaintiff took possession of the vehicle and sold it in an attempt to mitigate the damages caused by defendant's alleged breach of the agreement. She asserted claims for breach of contract, fraud, and unfair or deceptive trade practices. Plaintiff subsequently voluntarily dismissed her claims of fraud and unfair or deceptive trade practices.

Defendant filed an answer in which he asserted as an affirmative defense that the agreement was a marital debt, subject to equitable distribution, and thus the action was barred by plaintiff's failure to request equitable distribution prior to the entry of an absolute divorce.

The matter was tried before a jury. The jury found that the parties entered into a contract whereby defendant agreed to maintain the lease payments, that defendant did breach the contract,

HARRINGTON v. HARRINGTON

[110 N.C. App. 782 (1993)]

and that plaintiff sustained damages in the amount of $5,000.00. From the entry of judgment on the jury verdict, defendant appeals.

*Ferree, Cunningham & Gray, by George G. Cunningham, for plaintiff-appellee.*

*Edward Jennings for defendant-appellant.*

JOHNSON, Judge.

All of defendant's assignments of error arise out of his contention that the agreement between the parties constituted a marital debt and thus this action is barred by plaintiff's failure to seek equitable distribution of the debt prior to the entry of absolute divorce. On this basis, he assigns error to the denial of his motion for summary judgment, to the denial of his motion for a directed verdict, to the court's instructing the jury on a theory of contract instead of equitable distribution, and to the court's instructing the jury that the absolute divorce did not affect plaintiff's right to proceed in this action.

We overrule these assignments of error. Defendant misreads North Carolina General Statutes § 50-11(e) (1987). That statute provides that the right to equitable distribution of marital property is lost unless the party asserts the right prior to the entry of an absolute divorce. Equitable distribution is not an exclusive remedy but merely an alternative remedy. *See Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987); *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988). Moreover, under the equitable distribution statute, a marital debt is one which is incurred prior to the separation of the parties. North Carolina General Statutes § 50-20(b)(1) (1987). The debt here was incurred after the separation of the parties and thus was not subject to equitable distribution.

The judgment of the trial court is affirmed.

No error.

Judges WYNN and JOHN concur.